## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAXIMILIANO GUILLEN** and | : | **CIVIL ACTION** |
| **NUBIA GUILLEN, h/w** | : | **JURY TRIAL DEMANDED** |
| **3919 James Street** | : | |
| **Drexel Hill, PA 19026** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **vs.** | : | |
| | : | **C. A. No.** |
| **SPIRIT DELIVERY & DISTRIBUTION** | : | |
| **SERVICES INC.** | : | |
| **200 South Street, Suite 3** | : | |
| **New Providence, NJ 07974** | : | |
| | : | |
| **Defendant.** | : | |

## CIVIL ACTION - (2. Personal Injury)
## 2120 - PREMISES LIABILITY - SLIP & FALL

1.    Plaintiffs are adult individuals, husband and wife, residing at the above-captioned address.

2.    Defendant Spirit Delivery & Distribution Services, Inc. is a New Jersey Corporation, citizen of the State of New Jersey with its principle place of business at the above-captioned address, doing business as, inter alia, a freight forwarder.

3.    At all times material hereto, Defendant acted or failed to act by and through its duly authorized officers, directors, agents and employees.

4.    At all times material hereto, Defendant possessed, controlled and maintained the premises at 510 Station Avenue, Bensalem, PA which was a warehouse.

5.    Plaintiff worked in his own business delivering appliances which he would pick up at Defendant's warehouse.

6.     Defendant provided several loading docks at which persons such as plaintiff could bring their delivery vehicles to load appliances from defendant's warehouse.

7.     At all times material hereto, Defendant had a duty to maintain the premises in a reasonably safe condition and provide safe equipment for business invitees such as plaintiff.

8.     Defendant would assign persons such as plaintiff to specific loading dock doors when they arrive to pick up cargo to deliver.

9.     Due to the configurations of the loading docks, Defendant provided metal plates to be used as bridges or ramps between the loading dock doors and truck beds and directed persons such as plaintiff to use them.

10.    On or about March 7, 2013, plaintiff Maximiliano Guillen was lawfully on defendant's premises as a business invitee to pick-up and/or drop off appliances from and/or to Defendant.

11.    Due to the configuration of the loading dock door to which he was assigned and defendant's direction as well as the surface of the parking area adjacent to the dock, plaintiff was compelled to use one of the aforementioned metal plates.

12.    As he was walking across the metal plate used as a "bridge" or "ramp" it wobbled or bowed under plaintiff's foot causing him to lose balance and fall to the ground resulting in the injuries set forth below.

13.    The incident in question was caused by the carelessness and negligence of Defendant and not by any act or omission on the part of plaintiff Maximiliano Guillen.

14.    As a result of the negligence of the Defendant, plaintiff Maximilliano Guillen suffered severe and disabling injuries to the bones, muscles, skin, nerves, tendons, ligaments, tissues and blood vessels of his body, including without limitation of the foregoing, closed head

injury, internal derangement of his left shoulder requiring surgery and other secondary problems and complications, the full extent of which are not yet known and some or all of which are permanent in nature.

15.    As a result of the negligence of Defendant, plaintiff Maximiliano Guillen has in the past been prevented and in the future will be prevented and precluded from attending to his normal duties, occupations and avocations; in addition, he has suffered, and he will in the future continue to suffer pain, mental anguish, humiliation, disfigurement, loss of sense of worth and "well-being", inability to engage in his normal activities and inability to pursue the normal and ordinary pleasures of life.

16.    As a result of the negligence of Defendant, plaintiff Maximiliano Guillen has in the past required and he may in the future continue to require, hospitalizations, surgical and medical care and other treatment, and the plaintiff has, in the past, incurred and he may in the future continue to incur expenses for medicines, hospital, medical care and/or rehabilitative care to attend to, treat, alleviate, minimize and/or cure his conditions; and the plaintiff has sustained and he may in the future continue to sustain a loss of earnings and loss of earning capacity.

## COUNT I
## PLAINTIFF MAXIMILIANO GUILLEN vs. DEFENDANT

17.    Plaintiff incorporates paragraphs one through sixteen (1-16) as though set forth at length herein.

18.    The negligence of Defendant consisted of the following:

a.    Failing to provide a reasonably safe workplace/warehouse/loading dock;

b.      Compelling persons such as plaintiff to use loading docks not properly

        designed, maintain or prepared for use with such persons' trucks or

        loading needs;

c.      Failing to properly inspect the premises so as to ensure that no dangerous

        conditions existed and/or remedy any dangerous conditions;

d.      Failing to properly chose, maintain, inspect the metal plate in question;

e.      Failing to use proper and/or adequate materials for the aforementioned

        metal plate used as a bridge or ramp;

f.      Failing to utilize and/or supply proper and/or adequate bridges or ramps

        between the edge of the loading docks and delivery trucks;

g.      Failing to provide safe and adequate bridges or ramps for its business

        invitees;

h.      Permitting the highly dangerous condition to exist for an unreasonable

        length of time when defendant knew or should have know that this

        condition created a serious danger to individuals such as the plaintiff;

i.      Failing to supply and/or use proper and/or appropriate materials for use as

        bridges or ramps; and

j.      liability under Restatement (Second) of Torts §§343, 388, 390 and 392.

        **WHEREFORE**, plaintiff demands judgment in his favor and against defendant for a sum

in excess of Seventy-Five Thousand Dollars ($75,000.00) together with lawful interest, and

costs.

## COUNT II
### PLAINTIFF NUBIA GUILLEN vs. DEFENDANT

19.     Plaintiff incorporates paragraphs one through seventeen (1-17) as though set forth at length herein.

20.     As a result of the negligence of Defendant, plaintiff Nubia Guillen has been caused to suffer the loss of services, companionship, affection and attention of her husband and accordingly brings this claim for loss of consortium.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for a sum in excess of Seventy-Five Thousand Dollar ($75,000.00), together with lawful interest and costs.

**AGOSTINO CAMMISA, ESQUIRE**
**I.D. No. 19692**
**TRICHON, CAMMISA & AXELROD, P.C.**
**1835 Market Street, Suite 2626**
**Philadelphia, PA 19103**
**Email: acammisa@teamlawyers.com**
**(215) 575-7600; Fax: (215) 575-7640**
**Attorney for Plaintiffs**

## VERIFICATION

I, Maximiliano Guillen, am a plaintiff in this action and hereby verify that the attached Civil Action Complaint is based on first-hand information and/or information furnished to my counsel and/or obtain by him/her. The language of the document is that of counsel. To the extent that the contents of the document are based on information furnished to counsel and/or obtained by him/her, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. The verification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Date: 10-30-14